UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JAN -8 PM 2: 13

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| JOHN ANTHONY CASTRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-453 |
| ) | |
| SARAH COPELAND-HANZAS and ) | |
| DONALD JOHN TRUMP, ) | |
| ) | |
| Defendants. ) | |

**ORDER REQUIRING PLAINTIFF TO FILE
PROOF OF TIMELY SERVICE OR TO SHOW CAUSE WHY CASE
SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE DEFENDANTS**

A review of the docket in this case reveals the following:

1. On October 2, 2023, Plaintiff John Anthony Castro, a Texas resident representing himself, filed a Verified Complaint against Sarah Copeland-Hanzas, the Secretary of State of Vermont, and Donald John Trump. Plaintiff paid the civil case filing fee and the court issued summonses for each Defendant.
2. On October 18 and November 2, 2023, the court reissued summonses for both Defendants.
3. No further filings have been received as of the date of this Order.

Federal Rule of Civil Procedure 4 requires: "In [g]eneral[,] [a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

As an alternative to serving a summons, a plaintiff may request that a defendant waive service of the summons under Rule 4(d). If the defendant timely returns the waiver, "[w]hen the

plaintiff files [the] waiver, proof of service is not required[.]" Fed. R. Civ. P. 4(d)(4). Otherwise, Rule 4(l)(1) requires proof of service of the summons be made to the court. In this case, no waiver or proof of service has been filed with the court.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Because it has been more than ninety (90) days since Plaintiff filed the Complaint, and no waivers or proofs of service have been filed, Plaintiff is hereby ORDERED to file a waiver or proof of timely service, or to show good cause for his failure to serve either Defendant, on or before January 26, 2024. If Plaintiff should fail to respond, the case must be dismissed under Rule 4(m).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 8th day of January, 2024.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court